IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LISA SOUTER,

                Plaintiff,

v.                                                    OPINION and ORDER

NANCY A. BERRYHILL,                                18-cv-484-jdp
  Acting Commissioner, Social Security Administration,

                Defendant.

Plaintiff Lisa Souter seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, finding her not disabled under the Social Security Act. The administrative law judge (ALJ) found that Souter had several severe impairments, including major depression. But he found that she retained the capacity to perform light work with several limitations. To accommodate Souter's mental limitations, the ALJ limited her to "simple, routine, and repetitive tasks."

Souter raises a single issue on appeal: whether the ALJ failed to incorporate Souter's mental limitations into her residual functional capacity (RFC). The case is scheduled for an oral argument on January 24, 2018, but the court concludes that oral argument is unnecessary. For the reasons discussed below, the court finds that the ALJ failed to account for Souter's moderate limitations in concentration, persistence, or pace. The court will remand the case for further proceedings.

ANALYSIS

In his decision, the ALJ considered whether Souter met the criteria of listing 12.04, which relates to depressive, bipolar, and related disorders. *See* 20 C.F.R. § Pt. 404, Subpt. P,

App. 1, § 12.04. To determine whether Souter met this listing, the ALJ used the rubric outlined in 20 C.F.R. § 404.1520a. The rubric lists four categories, and the ALJ determined the claimant's degree of limitation in each category according to a five-level scale (none, mild, moderate, marked, or extreme). The ALJ found that Souter had mild limitations in "understanding, remembering, or applying information;" "interacting with others;" and "adapting or managing oneself;" and moderate limitations as to "concentrating, persisting, or maintaining pace." R. 19. For the finding on limitations in concentration, persistence, or pace, the ALJ said that he relied in part on the opinion of Dr. Gaskill, *see* R. 638, and also on the statement of Souter's spouse, R. 223–24. The ALJ concluded that Souter did not meet listing 12.04. Souter does not challenge the ALJ's determination that she did not meet listing 12.04.

Because the ALJ found that Souter had several mental limitations, he was required to incorporate those limitations into the RFC assessment. *See Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003). The ALJ included in the RFC statement "in terms of understanding, remembering and carrying out instructions, limited to simple, routine and repetitive tasks." R. 20. But he did not incorporate any other restrictions that would reflect Souter's mental limitations. Most significantly, the ALJ did not address his earlier finding that Souter had moderate limitations as to concentration, persistence, or pace.

A restriction to simple, routine, and repetitive tasks is usually not adequate to account for moderate limitations in concentration, persistence, and pace. *See Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014) (citing *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir.2009) (collecting cases)). Those terms merely refer to "unskilled work," which the regulations define as work that can be learned by demonstration in less than 30 days. *Varga v. Colvin*, 794 F.3d

2

809, 814–15 (7th Cir. 2015) (citing 20 C.F.R. §§ 404.1568, 404.1520). "[W]hether work can be learned in this manner is unrelated to the question of whether an individual with mental impairments—e.g., with difficulties maintaining concentration, persistence, or pace—can perform such work." *Id.*

The Commissioner stresses that the ALJ's analysis under § 404.1520a was not an RFC assessment. She contends that the ALJ "translated" Souter's mental impairments into particular limitations and found that only a restriction to unskilled work was necessary. As this court has previously explained, the ALJ is not required to use the actual words "concentration, persistence, or pace" in the RFC. *See Rabitoy v. Berryhill*, No. 17-cv-495, 2018 WL 1010219, at *2 (W.D. Wis. Feb. 21, 2018). The terms used in § 404.1520a are broad categories that must be "translated" into particular limitations. *Id.*; *see also* SSR 96-8p (The mental RFC assessment requires a more detailed assessment by itemizing various functions contained in the broad categories used under § 404.1520a). The Commissioner says the ALJ did this when he assigned Gaskill's opinion limited weight and said he was adopting the opinion "only by restricting the complexity of work." R. 23.

But the ALJ's reasoning is not explained in the ALJ's decision. It is not clear what part of Gaskill's opinion the ALJ adopted. Gaskill's opinion included three work limitations: moderate impairments in "[t]he ability to understand and remember detailed instructions," moderate impairments in "[t]he ability to carry out detailed instructions," and moderate impairments in "[t]he ability to maintain attention and concentration for extended periods." R. 638. It appears that the ALJ relied on Gaskill's third limitation to support the ALJ's finding that Souter had moderate limitations in concentration, persistence, or pace. R. 19. If that is the case, then the ALJ should have included some restriction to concentration,

persistence, or pace in the RFC. But the ALJ did not explain how the restriction to unskilled work would address Souter's limitations in maintaining concentration, persistence, or pace. Nor did the ALJ explain why he would discount this part of Gaskill's opinion, even while he credited the opinion to some extent. The bottom line is that the ALJ did not explain how Souter's mental limitations could be accommodated by a restriction to unskilled work.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Linda Souter's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The January 24, 2019 oral argument is CANCELED as unnecessary.

Entered January 18, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge